IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHELETTA NENELL-PENALOZA,

        Plaintiff,                         No. CIV S-05-1018 CMK

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                 ORDER

_____/

        Plaintiff, Sheletta Nenell-Penaloza, brings this action for remand to an administrative law judge (ALJ) to review the augmented hearing record pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction (docs. 6 and 8), the motions are before the undersigned for decision.

I. Background

        Plaintiff applied for disability insurance benefits (DIB) and for supplemental security income (SSI) on December 27, 2002. In her applications, plaintiff alleged that she had

///

///

been disabled due to a knee injury, fluid on her heart, high blood pressure, and diabetes since August 15, 2002. (Tr. 73.) Plaintiff has a high school education and has completed two years of college.

Plaintiff's application was denied initially and upon reconsideration. A hearing was held before administrative law judge Richard P. Laverdure on May 26, 2004 and plaintiff appeared with her attorney. At the time of the hearing, plaintiff was forty-six years old. (Tr. 17, 60.) Plaintiff's past relevant work was as a ward clerk for the V.A. hospital in San Francisco, office manager, and program support specialist for the V.A. medical center, an administrative assistant for the Levi Strauss Company, and a customer service representative for a research facility. (Tr. 17, 74.) Petitioner also worked as a data entry clerk and settlement clerk. (Tr. 17.)

The ALJ requested that a medical expert, Stanley H. Hoffman, M.D., review plaintiff's record and testify at the hearing. (Tr. 534.) Dr. Hoffman reviewed plaintiff's submitted medical records. (Tr. 536.) He noted that the x-rays of plaintiff's right knee had revealed "minimal" findings and that results of an angiogram had been "perfectly normal." (Tr. 537-538.) He indicated that no effects of plaintiff's hypertension had shown up in her cardiovascular evaluation. (Tr. 554.) Dr. Hoffman noted that plaintiff was obese and opined that she could have esophagitis (GERD[1]). (Tr. 538-539.) He indicated that there was nothing in the record that indicated that plaintiff would be unable to perform at least sedentary work. (Tr. 550-551.)

Plaintiff alleged that she suffered from: (1) cardiac problems; (2) obesity; (3) degenerative joint disease; (4) diabetes mellitus; (5) hypertension; (6) musculoskeletal disease; (7) asthma and; (8) multiple hernia repairs.

In a decision dated August 2, 2004, the ALJ found that plaintiff suffered from all these impediments, with the exception of cardiac problems. (Tr. 23-24.) The ALJ found that

---

[1]Gastroesophageal reflux disease.

2

plaintiff's chest pain was non-cardiac in nature and indicated that GERD may be the source of her chest pain. (Tr. 23.)  The ALJ found that plaintiff could not perform her past relevant work. (Tr. 26.)   However, he found that she could perform other work that exists in significant numbers in the national and regional economies. (Id.)  Based on these findings, the ALJ concluded that plaintiff was not disabled.

On November 18, 2004, plaintiff submitted substantial evidence she had just received from the University of California Medical Center in San Francisco to the Appeals Council. (Tr. 308-350.)  This evidence had been requested prior to the final decision on August 2, 2004, but did not become available until her attorney received it on November 5, 2004. (Tr. 307.)  The evidence was requested on June 1, 2004. (Id.)

The Appeals Council indicated that it considered the newly submitted evidence and found that it provided no basis to change the ALJ's decision. (Tr. 6-9.)  Therefore, the decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review on March 18, 2005. The plaintiff filed a timely appeal in this court.

Plaintiff raises one issue in her appeal; whether the Appeals Council should have remanded this case for consideration of new evidence submitted by plaintiff.

II.     Standard of Review

42 U.S.C. § 405(g). Section 405(g) expressly provides for remand where new evidence is material and there is good cause for the failure to incorporate the evidence in a prior proceeding. See Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir.1984);  Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987).   If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied. See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir.1984).   In order for new evidence to be "material," the court must find that, had the Secretary considered this evidence, the decision might have been different. At a minimum, such evidence must be probative of mental or physical

impairment.  See Hall v. Secretary of Health and Human Services, 602 F.2d 1372, 1377 (9th Cir.1979).  The court need only find a reasonable possibility that the new evidence would have changed the outcome of the case. See Booz, 734 F.2d at 1380-81.

III.    Discussion

Plaintiff argues that the new evidence is material because it sheds light on the etiology of plaintiff's heart problems and on her ongoing knee problems.  Plaintiff points out that, the medical expert, Dr. Hoffman testified, that based on the record before him, he did not believe that plaintiff's chest pain was cardiac related and the ALJ relied on that conclusion in his findings. (Tr. 22.)  The Commissioner argues that the new evidence is not relevant because it is dated prior to August 15, 2002, the date of plaintiff's alleged disability onset.  Further, the Commissioner states that there is no reasonable possibility that the consideration of the new evidence would change the outcome of this case because there was a copy of the discharge summary, which is contained in the new evidence, in the materials reviewed by Dr. Hoffman and because the materials reviewed by Dr. Hoffman contained statements from other examining physicians which revealed no evidence of cardiac problems.  (Tr. 120-123, 278, 251.)

The Commissioner opposes the remand for review of the new evidence concerning plaintiff's knee problems for similar reasons.  Most persuasive is the Commissioner's argument that the newly submitted medical records concern problems with plaintiff's left knee and her disability allegation focus on her right knee "locking on [her]." (Tr. 73, 174, 160; Comm'n Mot. Summ. J. at 11:7-10.)

Having carefully reviewed the entire record, including the new evidence, the court finds that there is a reasonable possibility that this evidence would have changed the outcome of plaintiff's case with regard to her allegation that her chest pain was cardiac related. See Booz, 734 F.2d at 1380-81.  While it is true that the new evidence is from a period prior to the alleged onset of plaintiff's disability, the treatment for cardiac issues, and positive response to nitrates and diuretics (Tr. 352) as well as studies revealing cardiomegaly (Tr. 348) are all

4

relevant to the cause of her current chest pain symptoms. In other words, the new evidence is probative of plaintiff's chest pain impairment, and, therefore, material. See Hall, 602 F.2d at 1377.

The court does not, however, find that the new evidence is material to the plaintiff's allegations of degenerative joint disease. As noted above, plaintiff did not complain of disability due to her left knee. She only alleged that pain in her right knee kept her from working. (Tr. 73.) Accordingly, past records detailing her past medical issues with her left knee are not relevant to the nature and severity of plaintiff's alleged right knee impairment.

Although the parties do not appear to dispute this issue, the court finds that there is good cause for plaintiff's failure to submit this evidence at the time of the administrative hearing. See Booz, 734 F.2d at 1380. Plaintiff has demonstrated that her counsel requested the evidence nearly two months prior to the date of the final decision and did not receive the materials until nearly three months after the final decision. Accordingly, the court finds that plaintiff has satisfied the good cause requirement.

IV.   Conclusion

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) to address the deficiencies noted above.

IT IS ORDERED that:

1. The Commissioners's motion for motion for summary judgment is denied in part and granted in part.

2. The Commissioner's motion is denied with respect to plaintiff's allegations of cardiac problems. The Commissioner's motion for summary judgment is granted with regard to plaintiff's allegations of musculoskeletal disease. The new evidence is not relevant to plaintiff's alleged musculoskeletal disease and her musculoskeletal disease shall not be considered on remand.

///

3. Plaintiff's motion for summary judgment is denied in part and granted in part.

4. Plaintiff's motion for summary judgement is denied with regard to plaintiff's allegations of musculoskeletal disease. Plaintiff's motion is granted with respect to plaintiff's allegation of cardiac problems.

5. This matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for review of the augmented hearing record as it pertains to plaintiff's allegations of cardiac problems only. A medical expert shall be called to review the new evidence pertaining to plaintiff's cardiac problems and give testimony at a supplemental hearing concerning the cardiac impairments evidenced by the augmented record.

DATED: January 18, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE